UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
RAHSAAN A. SEABURY,

                  Plaintiff,

    -against-

THE COUNTY OF SUFFOLK, et al.,

                  Defendants.
-------------------------------------------------------------x
BLOOM, United States Magistrate Judge:

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER

05-CV-4016 (ERK) (LB)

Plaintiff Rahsaan A. Seabury, appearing *pro se*, brings this "Affidavit in Support of Demand

To Re-open, Enter and Issue A Default Judgment" dated April 28, 2009. By Order and Civil

Judgment dated December 28, 2005, the Court dismissed this action and entered judgment against

plaintiff. There is no basis to reopen this action in order to enter a default judgment against

defendants.

Furthermore, the Court has already warned plaintiff twice that the future filing of frivolous

default motions in this closed case may result in sanctions. Chambers v. NASCO, Inc., 501 U.S. 32

(1991) (district court has inherent authority to sanction parties appearing before it for acting in bad

faith, vexatiously, wantonly, or for oppressive reasons); Sassower v. Field, 973 F.2d 75, 80-81 (2d

Cir. 1992) (upholding sanctions against vexatious *pro se* litigant).

Accordingly, plaintiff's motion to reopen and to enter a default judgment against defendants

is DENIED. Plaintiff is hereby warned for the final time that if he continues to file frivolous

motions, the Court shall enter an injunction barring him from filing submissions under this docket

number and directing the Clerk of Court to return such submissions without filing. MLE Realty

Assocs. v. Handler, 192 F.3d 259, 261 (2d Cir. 1999) (district court may enjoin parties from filing

further lawsuits upon notice and an opportunity to be heard); In re Martin-Trigona, 9 F.3d 226, 228



(2d Cir. 1993) (federal court "may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities."). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Dated: Brooklyn, New York
May 7, 2009